IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

HENRY S. FITZGERALD, )
 )
Appellant, )
 ) Case No. 1:14-cv-01017-GBL-JFA
 )
v. )
 )
THOMAS P. GORMAN )
 )
Appellee. )
 )

## ORDER

THIS MATTER is before the Court on Appellant Henry FitzGerald's appeal of the Bankruptcy Court of the Eastern District of Virginia's ("Bankruptcy Court") order finding Appellant ineligible for Chapter 13 relief. This case concerns a dispute regarding the calculation of Appellant's secured debt load for Chapter 13 eligibility. The issue before the Court is whether the Court should affirm the Bankruptcy Court's holding that the full amount of the mortgage claim secured by Appellant's primary residence must be included as secured debt in determining Appellant's eligibility for Chapter 13 bankruptcy under 11 U.S.C. § 109(e), despite Appellant's prior discharge of *in personam* liability through Chapter 7 bankruptcy proceedings. The Court AFFIRMS the Bankruptcy Court's finding that Appellant is ineligible for Chapter 13 relief because the Bankruptcy Court's finding that Appellant's secured debt total exceeds the statutory limit under 11 U.S.C. § 109(e) is not clearly erroneous.

### I.   BACKGROUND

This case arises from a dispute regarding the calculation of Appellant's secured debt load for purposes of determining whether the debtor may file Chapter 13 petition in bankruptcy. In

2012, Appellant filed for Chapter 7 bankruptcy in Bankruptcy Court. (R-1 at 15–16.) As a result of the Chapter 7 bankruptcy proceedings, Appellant's personal liability was extinguished towards GMAC. GMAC holds a deed of trust ("mortgage") on Appellant's primary residence ("home"), which was and remains serviced by Ocwen Loan Servicing, LLC ("Ocwen"). (Doc. 5 at 2.) After completing Chapter 7, Appellant's finances improved and Appellant filed for Chapter 13 relief. (R-1 at 1.)

Appellant filed his bankruptcy Schedule and later and amended it. (R-1 at 1–3, 7.) The Schedule reflects that on the Chapter 13 filing date Appellant resided at his home. (R-1 at 29, 34, 115.) Appellant's home was valued at $1,041,000.00. (*Id.*) A mortgage existed of $1,241,599.10 on Appellant's home. (*Id.*) Ocwen filed a Proof of Claim for the mortgage secured by Appellant's residence for $1,433,165.93. (R-3 at 138.) Trustee Gorman ("Appellee") then filed an Objection to Confirmation of Appellant's plan and a Motion to Dismiss Appellant's Chapter 13 case, claiming Appellant's secured debts exceeded the eligibility limit of $1,149,525.00 under 11 U.S.C. § 109(e). (R-1 at, 7-8, 118–21.)

A hearing on Trustee's Objection to Confirmation and Motion to Dismiss was continued awaiting the outcome of Ocwen's Proof of Claim, as the Proof of Claim determination would affect the Appellant's secured debt total and Chapter 13 eligibility. (R-1 at 7–12.) Appellant filed an Objection to Ocwen's Proof of Claim. (R-1 at 9; R-2 at 24–39.) Appellant contested both the amount claimed by Ocwen on the mortgage and Ocwen's status as a holder in due course of the mortgage. (*Id.*) Appellant later withdrew his objection to Ocwen's Proof of Claim stating he no longer disputed the amount of Ocwen's Proof of Claim. (R-1 at 11; R-2 at 14–16.)

Because Appellant withdrew his objection to Ocwen's Proof of Claim, the Bankruptcy Court granted Appellee's Motion to Dismiss Appellant's Chapter 13 case on May 14, 2014, and

entered a dismissal order. (R-1 at 11–12; R-2 at 53–54.) Appellant then filed a Motion to Alter or Amend the Order of Dismissal, which was denied by the Bankruptcy Court. (R-1 at 12–13; R-2 at 56–57.) Appellant then filed a Notice of Appeal of the Order of Dismissal on July 7, 2014. (R-1 at 14; R-2 at 58–59.) That appeal is now before the Court.

## II.  DISCUSSION

### A. Standard of Review

A District Court reviews findings of fact in bankruptcy proceedings under a clearly erroneous standard. FED. R. BANKR. P. 8013. "A finding is clearly erroneous when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been made.'" *In re Reg'l Bldg. Sys., Inc.*, 320 F.3d 482, 485 (4th Cir. 2003) (quoting *In re Morris Commc'ns NC, Inc.*, 914 F.2d 458, 467 (4th Cir. 1990)). A bankruptcy court's conclusions of law are reviewed *de novo*. *See In re Meredith*, 527 F.3d 372, 375 (4th Cir. 2008). The determination of a debtor's Chapter 13 eligibility is a finding of fact, though a court may take judicial notice of a debtor's Schedules and Proofs of Claims. *In re Bernick*, 440 B.R. 449, 450 (Bankr. E.D. Va. 2010) (citing *In re Balbus*, 933 F.2d 246, 247 (4th Cir. 1991)). Where issues present questions of both law and fact, facts are reviewed by a clearly erroneous standard, and legal conclusions derived from those facts are reviewed *de novo*. *Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond*, 80 F.3d 895, 905 (4th Cir. 1996).

### B. Analysis

The Court AFFIRMS the Bankruptcy Court's finding that Appellant is ineligible for Chapter 13 bankruptcy relief for two reasons. First, the Court holds that the Bankruptcy Court's finding of Appellant's ineligibility for Chapter 13 relief was not clearly erroneous because his secured debt total exceeds the statutory limit of $1,149,525.00, under 11 U.S.C. § 109(e).

3

Appellant's debt total exceeds the statutory limit because a partially secured mortgage on a principal residence cannot be bifurcated into secured and unsecured portions. Second, the Bankruptcy Court's finding is AFFIRMED because although Appellant's *in personam* liability was discharged through Chapter 7, Ocwen retains an *in rem* claim for repayment or equitable relief on the underlying mortgage on Appellant's home.

**1. Determination of Secured Debt Totals for Chapter 13 Eligibility**

The Court AFFIRMS the Bankruptcy Court's finding that Appellant is ineligible for Chapter 13 relief because the Bankruptcy Court's finding that his debt total exceeds the secured debt limit of $1,149,525.00 allowed under 11 U.S.C. § 109(e) was not clearly erroneous. Chapter 13 eligibility is determined at the time of filing. *See Bernick*, 440 B.R. at 450. A debtor may not bifurcate the undersecured portion of a secured debt if the debt is a mortgage that is secured only by the debtor's principal residence. *See Nobleman v. Am. Savs. Bank*, 508 U.S. 324, 327–29 (1993); *see also In re Davis*, 716 F.3d 331, 335 (4th Cir. 2013) (distinguishing the treatment of secured debts from unsecured debts on primary residences which are partially secured from those debts that are wholly unsecured).

The Court finds that the *entire amount* claimed by Ocwen as of the date Appellant filed must be included when determining Appellant's eligibility for Chapter 13 relief. Because Chapter 13 eligibility is determined at the time of filing, the amount of debt used to determine Appellant's eligibility is the amount held at filing. *See Bernick*, 440 B.R. at 450. When Appellant filed for Chapter 13 his home was valued at $1,041,000.00. (R-1 at 29, 34, 115.) Ocwen held a mortgage of $1,433,165.93 on Appellant's home. (R-3 at 1–38.) Appellant initially contested the continued existence of the mortgage, and its amount, following the Chapter 7 proceedings but withdrew his objection. (R-1 at 11; R-2 at 14–16.) Thus the amount

4

of debt held at the time of filing was the full amount of $1,433,165.93, presented by Ocwen in the Proof of Claim. *See Bernick*, 440 B.R. at 450. The issue then becomes determining whether that undersecured $1,433,165.93, may be bifurcated into a secured portion of $1,041,000.00, and an unsecured portion of $392,165.93.

The Court holds that under 11 U.S.C. § 1322(b)(2) Appellant is precluded from bifurcating the mortgage secured by Appellant's home into secured and unsecured components. Consequently, the entire mortgage claim must be included as a secured debt for determining Appellant's eligibility for Chapter 13 relief. The Bankruptcy Code prohibits Chapter 13 debtors from reducing a mortgage claim secured by a debtor's principal residence to the fair market value of the mortgaged residence. *See Nobleman v. Am. Savs. Bank*, 508 U.S. 324, 325–26 (1993) (citing 11 U.S.C. §§ 1322(b)(2) and 506(a)). An undersecured mortgage lien secured by a principal residence that is discharged during Chapter 7 proceedings may not be bifurcated under a Chapter 13 plan into secured and unsecured components for the purpose of determining a debtor's eligibility for Chapter 13 relief. *See In re Blackwell*, 514 B.R. 19, 22–26 (Bankr. N.D. Cal. 2014) (citing *Johnson v. Home State Bank*, 501 U.S. 78, 84–86 (1991)).

The mortgage held on Appellant's primary residence precludes Appellant from modifying the debt. (R-1 at 29, 34, 115.) Appellant cannot bifurcate his secured debt from his undersecured debt because doing so would result in a modification of the secured interest that Ocwen holds in Appellant's property—a result prohibited by 11 U.S.C. § 1322(b)(2). *See Nobleman*, 508 U.S. at 331; *see also Blackwell*, 514 B.R. at 26–27 (citing *Johnson v. Home State Bank*, 501 U.S. 78 (1991)) (finding debtors ineligible for Chapter 13 through application of Section 1322(b)(2)). If Appellant's property was not his primary residence, the general Fourth Circuit rule allowing for the bifurcation of secured from unsecured claims would apply. *See In*

*re Balbus*, 933 F.2d 246, 247 (4th Cir. 1991) (allowing bifurcation of secured and unsecured portions of undersecured debts generally). Similarly, the Fourth Circuit has found that if Appellant's property was wholly unsecured, instead of partially secured, the debt could be stripped off of the property. *See In re Davis*, 716 F.3d 331, 335–36 (4th Cir. 2013) (finding completely valueless liens to be strippable even against primary residences). However, neither rule is applicable here. Because Appellant's home retained $1,041,000.00 in value when he filed for Chapter 13 and was Appellant's primary residence, Appellant is unable to bifurcate his debt. *See Nobleman*, 508 U.S. at 331; *Davis*, 716 F.3d at 335–36; *Balbus*, 933 F.2d at 247. Thus, the Court finds that Appellant's total secured debt is $1,433,165.93, which surpasses the Chapter 13 eligibility limit of $1,149,525.00 for secured debts under 11 U.S.C. § 109(e).

The Court finds that the secured debt limit under 11 U.S.C. § 109(e) is exceeded because debt totals cannot be bifurcated into secured and unsecured portions to reduce mortgages on primary residences to fair market value. Thus, Appellant is unable to reduce the amount owed to Ocwen from the $1,433,165.93 listed in Ocwen's Proof of Claim to the fair market value of $1,041,000.00 for the purposes of determining Chapter 13 eligibility. (R-1 at 29, 34, 115; R-3 at 138.) Consequently, Appellant's secured debt total exceeds the Chapter 13 limit of $1,149,525.00. Accordingly, because the Bankruptcy Court's finding that Appellant is ineligible for Chapter 13 relief is not clearly erroneous, the Bankruptcy Court's finding must be AFFIRMED.

### 2. *In Rem* Liability Remains Following the Extinguishment of *In Personam* Liability through a Chapter 7 Proceeding

The Court AFFIRMS the Bankruptcy Court's finding that Appellant is ineligible for Chapter 13 bankruptcy relief because the Bankruptcy Court's finding that Appellant was still

6

liable for the debt *in rem* was not clearly erroneous. If a debtor's *in personam* liability is extinguished by Chapter 7 proceedings, an *in rem* "right to payment" or "right to an equitable remedy" remains. *See Johnson v. Home State Bank*, 501 U.S. 78, 84–85; *see also Davis*, 716 F.3d at 340; *In re Blackwell*, 514 B.R. 19, 22–23 (Bankr. N.D. Cal. 2014); *In re Scotto-DiClemente*, 463 B.R. 308, 314 (Bankr. D.N.J. 2012).

*Johnson v. Home State Bank*, 501 U.S. 78 (1991), addresses whether a debtor remains liable in a Chapter 13 proceeding for a mortgage discharged in a Chapter 7 proceeding. In *Johnson* the Supreme Court held that while "a bankruptcy discharge extinguishes . . . one mode of enforcing a *claim*, namely an action against the debtor *in personam* . . . an action against the debtor *in rem* [remains available]." 501 U.S. 78, 84 (1991) (emphasis added); *see also Davis*, 716 F.3d at 340; *Blackwell*, 514 B.R. at 22; *Scotto-DiClemente*, 463 B.R. at 314. The Supreme Court relied upon the legislative history behind the Bankruptcy Code and its definition of a "claim," which allows for the "[i]nfer[ence] that Congress fully expected that an obligation enforceable only against a debtor's property would be a 'claim' under . . . the Code." *Johnson*, 501 U.S. at 86 (citing 11 U.S.C. § 101(5) (defining "claim" under the Bankruptcy Code)). Thus, while a debtor can avoid personal liability through a Chapter 7 discharge, a creditor retains the right to foreclose on a debt *in rem* following bankruptcy proceedings. *Id.* at 82–83.

The rule from *Johnson* was recently applied in *Blackwell*. *See Blackwell*, 514 B.R. at 22–23. In *Blackwell*, debtors filed for Chapter 7 bankruptcy relief, resulting in the discharge of their debts. 514 B.R. at 21. Following Chapter 7, debtors filed for Chapter 13, valuing their primary residence at $1,500,000. *See id.* The debtors equally divided the $1,984,000 mortgage debt held by Chase Home Mortgage on the property. *See id.* Thus, each debtor claimed to individually hold a secured debt of $992,000, placing them below the statutory limit, since increased, of

$1,081,400. *See id.* (citing 11 U.S.C. § 109(e)). The Chapter 13 trustee challenged the debtors' Chapter 13 eligibility, claiming that their combined secured debt exceeded the statutory limit. *See id.*

The bankruptcy court found that although the Chapter 7 proceedings did extinguish debtors' *in personam* liability, their *in rem* liability remained for the property on which the debt was held. In finding the *Blackwell* debtors ineligible for Chapter 13 relief the court held *Johnson* precluded the debtors argument that "because the claim cannot be enforced against the debtor personally, it does not count toward the eligibility requirements." *Blackwell*, 514 B.R. at 24. The court explained that "[u]nder *Johnson*, if, as of the petition date, the claim is enforceable against either debtor *or property of the debtor*, it should be included in the eligibility calculation." *Id.* at 24–25 (emphasis in original). Accordingly, the debtors in *Blackwell* did not prevail because their combined liability *in rem* exceeded the secured debt limit under 11 U.S.C. § 109(e).

Here, Appellant remains liable *in rem* as the procedural stance is analogous to that in *Johnson* and nearly identical to that in *Blackwell*. Appellant filed for Chapter 13 following Chapter 7 proceedings, similar to the debtors in both *Johnson* and *Blackwell*. (R-1 at 1, 3, 7.) The Chapter 7 proceedings extinguished Appellant's *in personam* liability towards Ocwen but Appellant remained liable to Ocwen *in rem*. *See Johnson*, 501 U.S. at 82–83. Thus, while Appellant is no longer liable *in personam* towards Ocwen, Appellant remains liable to Ocwen *in rem* for the claim against Appellant's residence.

Appellant is ineligible for Chapter 13 bankruptcy relief because while his *in personam* liability was extinguished through Chapter 7, his *in rem* liability was not. As a result, Ocwen's *in rem* claim for repayment against the underlying mortgage on the Appellant's home remains a

valid claim for use in calculating his secured debt limit. Therefore, Appellant is ineligible for Chapter 13 bankruptcy relief as his secured debt total of $1,433,165.93 exceeds the limit of $1,149,525.00 under 11 U.S.C. § 109(e). Accordingly, because the Bankruptcy Court's finding that Appellant is ineligible for Chapter 13 relief is not clearly erroneous, the Bankruptcy Court's finding must be AFFIRMED.

### III. CONCLUSION

The Bankruptcy Court's finding that Appellant is ineligible for Chapter 13 relief is AFFIRMED because the Bankruptcy Court's finding that his secured debt total exceeds the statutory limit under 11 U.S.C. § 109(e) is not clearly erroneous. The Bankruptcy Court's finding is not clearly erroneous for two reasons. First, because Appellant may not bifurcate the undersecured portion of his mortgage under the Supreme Court's decision in *Nobleman*. Second, because while Appellant's *in personam* liability was extinguished during Chapter 7 Ocwen retains an *in rem* "right to payment" or "right to an equitable remedy".

Accordingly, it is hereby

**ORDERED** that the Bankruptcy Court's finding is **AFFIRMED**.

**IT IS SO ORDERED.**

ENTERED this ___14th___ day of November, 2014.

Alexandria, Virginia
11/14/14

/s/
Gerald Bruce Lee
United States District Judge

Gerald Bruce Lee
United States District Judge